UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COREY NELSEN,
        Plaintiff,                      No. C 07-1386 PJH

   v.                                    **ORDER GRANTING MOTION TO REMAND**

PEOPLEPC INC.,
        Defendant.
_____/

       Plaintiff's Motion to Remand came before this court for hearing on May 30, 2007. Seth Safier appeared on behalf of plaintiff and Nathan Garroway appeared for defendant. Having carefully reviewed the parties' papers and considered the arguments of counsel and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion for remand and DENIES plaintiff's request for attorney's fees and costs for the reasons stated at the hearing and for the following reasons.

       Plaintiff brings this motion to remand on the basis that defendant failed to meet its burden to show that the amount in controversy exceeds $ 5 million in this case, which was removed under the Class Action Fairness Act, 28 U.S.C. § 1332(d), 1453 ("CAFA"). CAFA vests district courts with original jurisdiction of any civil action in which the amount of controversy exceeds $5,000,000 and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant. See 28 U.S.C. § 1332(d). Like in other removal cases, under CAFA, the burden of establishing removal jurisdiction remains on the proponent of federal jurisdiction. See Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 686 (9th Cir. 2006). "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has

been met." Id. at 683 (citations omitted).  See also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (defendant must show whether it is "more likely than not" that the jurisdictional requirements are met").

The parties dispute whether defendant has met its burden of showing that the amount in controversy exceeds $5,000,000.  The court finds that it is not "facially apparent" from the complaint that the jurisdictional amount is in controversy.  Nor does has defendant shown that it is more likely than not that the amount of controversy has been met after considering the facts in the removal petition as well as allegations in the complaint.  See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  There is insufficient evidence regarding the number of class members – the number of people who were charged after requesting cancellation.  Defendant has therefore not met its burden of proving the jurisdictional amount.  See Gaus, 980 F.2d at 567 ("If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.").

The court, however, finds that defendant had an objectively reasonable basis for seeking removal, and denies plaintiff's request for attorney's fees and costs.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

IT IS SO ORDERED.

Dated: May 30, 2007

PHYLLIS J. HAMILTON
United States District Judge